UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
FBA OF SYOSSET, LLC,

                Plaintiff,

          -against -                     File No. 16-cv-02165

GRANT BENEFITS SOLUTIONS, LLC, d/b/a
FLEX  FACTS and FLEX FACTS, INC., SHLOMO
SCHON, d/b/a FLEX FACTS and FLEX FACTS, INC.,
and  THE HAMPTON CONSULTING CORP.,

                Defendants.

-------------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS GRANT BENEFITS SOLUTIONS, LLC, d/b/a FLEX FACTS and FLEX
FACTS, INC., SHLOMO SCHON, d/b/a FLEX FACTS and FLEX FACTS, INC.'S
MOTION TO DISMISS THE COMPLAINT**


Dated: Cedarhurst, New York
        August 2, 2016


**NEWMAN LAW, P.C.**
Evan M. Newman
Aviva Francis
377 Pearsall Avenue, Suite C
Cedarhurst, New York 11516
(516) 545-0343

*Attorneys for Defendants*

# TABLE OF CONTENTS:

PRELIMINARY STATEMENT ................................................................................. 3

FACTS ALLEGED IN THE AMENDED COMPLAINT ......................................... 1

ARGUMENT ........................................................................................................... 5

   I.   STANDARD ON A MOTION TO DISMISS .................................................... 5

   II.  THE COMPLAINT MUST BE DISMISSED AGAINST SCHON PERSONALLY ......... 5

   III. THE COMPLAINT MUST BE DISMISSED AGAINST GBS BECAUSE PLAINTIFF

       ENGAGES IN GROUP PLEADING ................................................................... 7

   IV. THE FIRST CLAIM FOR BREACH OF CONTRACT MUST BE DISMISSED ............ 8

    A.   The Complaint Fails To Allege The Terms Of The Contract ......................................... 8

    B.   The Plaintiff Fails To Allege That It Performed The Contract ...................................... 9

    C.   Plaintiff Fails To Allege A Breach .................................................................. 9

    D.   The Complaint Fails To Allege How Gbs' Alleged Breach Caused Damage To Plaintiff

        ............................................................................................................ 10

   V.  THE SECOND CLAIM FOR BREACH OF CONTRACT – CONSTRUCTIVE TRUST

      MUST BE DISMISSED AGAINST GBS ........................................................... 11

   VI. THE THIRD CLAIM FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH

      AND FAIR DEALING MUST BE DISMISSED AGAINST GBS ................................ 12

    A.   An "Implied" Non-Compete Clause Does Not Exist As A Matter Of Law ............... 12

    B.   The Third Cause Of Action Is Duplicative Of The First Cause Of Action ................ 13

VII.  PLAINTIFF'S CLAIM RELATING TO A NON-COMPETE OR EXCLUSIVITY ARE BARRED BY THE STATUTE OF FRAUDS ................................................................. 13

VIII. THE FOURTH CLAIM FOR BREACH OF FIDICUARY DUTY MUST BE DISMISSED AGAINST GBS ............................................................................ 14

    A.    There Is No Fiduciary Relationship Between Plaintiff And Gbs ...................... 14

    B.    The Fiduciary Duty Claim Is Duplicative Of The Breach Of Contract Claim .. 15

IX. THE FIFTH CLAIM FOR UNFAIR BUSINESS PRACTICES MUST BE DISMISSED AGAINST GBS ............................................................................ 16

X.  THE SIXTH CLAIM FOR UNFAIR COMPETITION MUST BE DISMISSED AGAINST GBS ............................................................................ 18

    A.  The Complaint Fails To Allege "Actual Confusion Or A Likelihood Of Confusion" ................................................................................. 19

    B.  The Unfair Competition Claim Is Duplicative Of The Breach Of Contract Claim... ................................................................................. 20

XI. THE EIGHTH CLAIM FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS MUST BE DISMISSED AGAINST GBS ................... 20

XII. THE NINTH CLAIM FOR CONSPIRACY MUST BE DISMISSED AGAINST GBS. 21

XIII. THE TENTH CLAIM UNDER THE LANHAM ACT MUST BE DISMISSED AGAINST GBS ............................................................................ 22

      A.     Plaintiff Fails To Allege It Has A "Valid Mark" ...................................................... 23

      B.     Plaintiff Fails To Allege That Defendants' Of The Alleged product or Services Cause Confusion ........................................................................................................ 24

      C.     The Plaintiff Fails To Allege Injury .......................................................................... 24

XIV. THE ELEVENTH CLAIM FOR UNJUST ENRICHMENT MUST BE DISMISSED

     AGAINST GBS ........................................................................................................... 25

      A.     Plaintiff Fails To Allege The Elements For An Unjust Enrichment Claim ....... 26

      B.     The Unjust Enrichment Claim Is Duplicative Of Other Claims ........................ 26

XV. THE TWELFTH CLAIM FOR AN INJUNCTION MUST BE DISMISSED ................ 27

XVI. THE THIRTEENTH CLAIM FOR VIOLATION OF THE DEFEND TRADE

     SECRETS MUST BE DISMISSED AGAINST GBS ........................................................ 27

      A.     The Plaintiff Does Not Allege Ownership of A Trade Secret ........................... 28

XVII. ALL CLAIMS FOR PUNITIVE DAMAGES MUST BE DISMISSED ..................... 29

XVIII. THIS COURT LACK SUBJECT MATTER JURISDICTION ................................... 30

XIX. THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE .......................... 31

CONCLUSION ...................................................................................................................... 32

TABLE OF AUTHORITIES

**Cases**

*Aero Media LLC v. World Healing Center Church, Inc.*

2013 WL 2896856 (S.D.N.Y 2013) .......................................................................... 16

*Ahmed v. GEO USA LLC*

No. 14-CV-7486, 2015 WL 1408895 (S.D.N.Y. Mar. 27, 2015) ............................ 24

Ainbinder v. Potter

282 F.Supp.2d 180 (S.D.N.Y.2003) ....................................................................... 26

*Alter v. Bogorician*

No. 97 Civ. 0662(MBM), 1997 WL 691332 (S.D.N.Y. Nov. 6, 1997) .................................. 13

*American Fed. Group, Ltd. v. Rothenberg*

136 F.3d 897 (2d Cir. 1998) ............................................................................ 13, 14

*Carvel Corp. v. Noonan*

785 N.Y.S.2d 359, 818 N.E.2d 1100 (2009) ............................................................ 21

*Ashcroft v. Iqbal*

129 S. Ct. 1937 (2009) ...................................................................................... 5

*Ashland Mgmt. Inc. v. Janien*

82 N.Y.2d 395, 624 N.E.2d 1007 (1993) ................................................................. 29

*Atateks Foreign Trade Ltd. v. Dente*

798 F.Supp.2d 506 (S.D.N.Y. 2011) ................................................................... 11, 12

*Avalos v. IAC/Interactivecorp.*

No. 13-CV-8351, 2014 WL 5493242 (S.D.N.Y. Oct. 30, 2014) ............................ 25

*Barbagallo v. Marcum LLP*

2012 WL 1664238 (E.D.N.Y 2012) ...................................................................... 16

*Barbagallo v. Marcum LLP*

820 F. Supp. 2d 429 (E.D.N.Y. 2011) .................................................................. 30

*Bear, Stearns Funding, Inc., v. Interface Group-Nevada, Inc.*

361 F. Supp. 2d 283 (S.D.N.Y. 2005) .................................................................. 29

*Bell Atl. Corp. v. Twombly*

127 S. Ct. 1955 (2007) .......................................................................................... 5

*Bohnet v. Valley Stream Union Free School Dist. 13*

30 F. Supp. 3d 174 (E.D.N.Y. 2014) ............................................................... 1, 17

*Boyd v. University of Illinois*

2001 WL 246402 (S.D.N.Y.2001) ...................................................................... 12

*Brand X Editions LTD. V. Wool*

42 Misc.3d 1207(A), 984 N.Y.S.2d 630 (Sup. Ct. New York Co. 2014) ................. 18

*Broder v. Cablevision Sys. Corp.*

418 F.3d 187 (2d Cir. 2005) ................................................................................ 12

*Buti v. Perosa, S.R.L.*

139 F.3d 98 (2d Cir.1998) ................................................................................... 23

*Carvel Corp. v. Noonan*

350 F.3d 6 (2d Cir.2003) ..................................................................................... 21

*Clark–Fitzpatrick, Inc. v. Long Island R. Co.*

70 N.Y.2d 382 (1987) .......................................................................................... 19

*Commc'ns Partners Worldwide, Inc. v. Main St. Res.*

    *No*. 04 Civ. 10003 (PKL), 2005 WL 1765712 (S.D.N.Y. July 26, 2005)................................. 31

*Corsello v. Verizon NU, Inc.*

    18 N.Y.3d,777, 944 N.Y.S.2d 732, 967 N.E.2d 1177 (2012) .................................................. 26

*Cosgrove v. Bartolotta*

    150 F.3d 729 (7th Cir.1998) .................................................................................................. 30

*Cuoco v. Moritsugu*

    222 F.3d 99 (2d Cir. 2000) .................................................................................................... 31

*D & N Boening v. Kirsch Beverages*

    63 N.Y.2d 449, 483 N.Y.S.2d 164, 472 N.E.2d 992 ............................................................. 14

*Desyatnikov v. Credit Suisse Grp., Inc.*

    No. 10-CV-1870 (DLI)(VVP), 2012 WL 1019990 (E.D.N.Y. 2012) ...................................... 31

*Donini Int'l, S .p.A. v. Satec (U.S.A.) LLC*

    No. 03 Civ. 9471, 2004 U.S. Dist. LEXIS 13148 (S.D.N.Y. 2004) ........................................ 22

*Dorset Industries, Inc. v. Unified Grocers, Inc.*

    893 F.Supp.2d 395 (E.D.N.Y. 2012) ................................................................................ 12, 15

*Duane Jones Co. v. Burke*

    306 N.Y. 172 (1953) ............................................................................................................. 17

*Estee Lauder Inc. v. The Gap, Inc.*

    108 F.3d 1503 (2d Cir.1997) ................................................................................................. 23

*Gameologist Group, LLC v. Scientific Games Intern., Inc.*

    838 F. Supp.2d 141 (S.D.N.Y. 2011) .................................................................................... 24

*Gold v. N.Y. Life Ins. Co.*

    730 F.3d 137 (2d Cir.2013) .................................................................................. 28

*Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*

    8 F.Supp.3d 467 (S.D.N.Y.2014) ................................................................... 26, 27

*Handelsman v. Bedford Village Associates Ltd. Partnership*

    213 F.3d 48 (2d Cir.2000) .................................................................................. 30

*Harris v. Provident Life & Accident Ins. Co.*

    310 F.3d 73 (2d Cir.2002) .................................................................................. 13

*Henneberry v. Sumitomo Corp. of America*

    415 F.Supp.2d 423 (S.D.N.Y. 2006) ................................................................. 14

*Howell v. Am. Airlines, Inc.*

    No. 05–cv–3628, 2006 WL 3681144 (E.D.N.Y. Dec. 11, 2006) ............................ 8

*Hughes v. Ester C Co.*

    930 F.Supp.2d 439 (E.D.N.Y.2013) ................................................................... 25

*Hylan Elec. Contr., Inc. v. MasTec N. Am., Inc.*

    74 A.D.3d 1148, 903 N.Y.S.2d 528 (2d Dep't 2010) ......................................... 15

*In re Ames Dep't Stores, Inc.*

    274 B.R. 600 (Bkrtcy.S.D.N.Y.2002) ................................................................. 14

*In re Estate of Gifford*

    144 A.D.2d 742, 535 N.Y.S.2d 154 (3d Dep't 1988) ........................................... 6

*In re Vivendi Universal, S.A.*

    2004 WL 876050 (S.D.N.Y. 2004) .................................................................... 26

*ITC Ltd. v. Punchgini, Inc.*

    482 F.3d 135 (2d Cir.2007) ........................................................................... 24

*Jackson Nat'I Life Ins. Co. v. Ligator*

    949 F. Supp. 200 (S.D.N.Y. 1996) .......................................................... 7, 18

*James v. Countrywide Fin. Corp.*

    849 F. Supp. 2d 296 (E.D.N.Y. 2012) .......................................................... 8

Johnson v. Nextel Commc'ns, Inc.

    660 F.3d 131 (2d Cir.2011) ........................................................................... 8

*KM Enters., Inc. v. McDonald*

    No. 11-CV-5098 (ADS) (ETB), 2012 WL 4472010 (E.D.N.Y. 2012) .................................... 27

*Krause v. Forex Exch. Mkt., Inc.*

    356 F.Supp.2d 332 (S.D.N.Y. 2005) ........................................................... 31

*LaSalle Hotel Lessee, Inc. v. Marriott Hotel Services, Inc.*

    29 A.D.3d 464 (1st Dep't 2006) ................................................................. 16

*Leviton Mfg. Co., Inc. v. Reeve*

    942 F.Supp.2d 244 (E.D.N.Y.2013) ........................................................... 30

*Lexmark Intern., Inc. v. Static Control Components, Inc.*

    134 S. Ct. 1377 (2014) ................................................................................. 25

*Lia v. Saporito*

    909 F. Supp.2d 149 (E.D.N.Y 2012) ......................................................... 14

*Loeb Partners Realty v. Edward A. Sears Associates, P.C.*

    733 N.Y.S.2d 390 (1st Dep't 2001) ............................................................ 21

*Louis Capital Markets, L.P. v. REFCO Group Ltd., LLC*

    9 Mis.3d 283, 801 N.Y.S.2d 490 (Sup. Ct. New York Co. 2005) ........................................... 16

*Makarova v. United States*

    201 F.3d 110 (2d Cir. 2000) ......................................................................................................... 5

*Malletier v. Burlington Coat Factory Warehouse Corp.*

    426 F.3d 532 (2d Cir.2005) ...................................................................................................... 23

*Mason Tenders Dist. Council Welfare Fund v. Thomsen Const. Co.* Lerner

    938 F.2d at 5 (2d Cir. 2002) ....................................................................................................... 6

*Mercator Corporation v. Windhorst*

    2016 WL 519645 (SDNY 2016) .................................................................................................. 7

*Merck Eprova AG v. Gnosis S.p.A.*

    760 F.3d 247 (2d Cir. 2014) ...................................................................................................... 23

*Millennium Expressions, Inc. v. Chauss Marketing, Ltd.*

    2007 WL 950070 (SDNY 2007) ............................................................................................... 11

*Orange County Choppers, Inc. v. Olaes Enterprises, Inc.*

    497 F.Supp.2d 541 (S.D.N.Y.2007) .................................................................................... 18, 19

*Oursler v. Women's Interart Ctr. Inc.*

    170 A.D.2d 407, 566 N.Y.S.2d 295 (1st Dep't 1991) .......................................................... 11, 14

*Petrello v. White*

    412 F.Supp.2d 215 (E.D.N.Y 2006 ........................................................................................... 14

*R.H. Damon & Co., Inc. v. Softkey Software Products, Inc.*

    811 F. Supp. 986 (S.D.N.Y. 1993) .............................................................................................. 9

*Rick v. Richmond Sec. Servs., Inc.*

    28 Misc.3d 1238(A), 958 N.Y.S.2d 63, 2010 WL 3666992 (N.Y.Civ.Ct.2010) ........................ 6

*Salzman Sign Co. v. Beck*

    10 N.Y.2d 63, 217 N.Y.S.2d 55, 176 N.E.2d 74 (1961) ........................................................ 6, 7

*Schwartz v. Soc'y of the New York Hosp.*

    199 A.D.2d 129, 605 N.Y.S.2d 72 (3d Dep't. 1993) ............................................................... 22

*Scott v. Dime Sav. Bank of N.Y., FSB*

    886 F.Supp. 1073 (S.D.N.Y.1995) .......................................................................................... 15

*Sly Magazine, LLC v. Weider Publications L.L.C.*

    346 F. App'x 721 (2d Cir.2009) ....................................................................................... 18, 20

*Small v. Lorillard Tobacco Co.*

    94 N.Y.2d 43 (1999) ............................................................................................................... 21

*Snyder v. Puente De Brooklyn Realty Corp.*

    297 A.D.2d 432, 746 N.Y.S.2d 517 (2d Dep't 2002) .............................................................. 22

*Sofitel, Inc. v. Dragon Med. and Sci. Commc'ns, Inc.*

    118 F.3d 955 (2d Cir. 1997) .................................................................................................... 29

*Sorias v. Nat'l Cellular USA, Inc.*

    124 F. Supp. 3d 244 (E.D.N.Y. 2015) ..................................................................................... 28

*Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*

    588 F.3d 97 (2d Cir. 2009) ...................................................................................................... 24

*Strother v. Harte*

    171 F.Supp.2d 203 (S.D.N.Y.2001) ........................................................................................ 30

*Treppel v. Biovail Corp.*

    No. 03 Civ. 3002, 2005 U.S. Dist. LEXIS 2737 (S.D.N.Y. Feb. 22, 2005) ............................. 21

*Two Pesos, Inc. v. Taco Cabana, Inc.*

    505 U.S. 763, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992) ......................................................... 23

*Van Valkenburgh, Nooger & Neville, Inc. v. Hayden Publ'g Co.*

    30 N.Y.2d 34 (1972) ............................................................................................................ 12

*Washington v. Kellwood Co.*

    No. 05–CV–10034, 2009 WL 855652 (S.D.N.Y. Mar. 24, 2009) ............................................ 20

*Williams v. Kristal Cadillac*

    2009 WL 3861205  (E.D.N.Y. 2009) ................................................................................... 31

*World Wrestling Fed'n. Entm't., Inc. v. Bozell*

    142 F.Supp.2d 514 (S.D.N.Y.2001) ..................................................................................... 22

*Yanes v. Ocwen Loan Servicing, LLC*

    No. 13-cv-2343, 2015 WL 631962 (E.D.N.Y. Feb. 12, 2015) .................................................. 8

**Statutes**

15 U.S.C. § 1125 .................................................................................................................... 31

18 U.S.C. § 1836 ........................................................................................................ 28, 29, 31

18 U.S.C. § 1839 ............................................................................................................. 28, 31

28 U.S.C.A. § 1332 ................................................................................................................ 30

**Other Authorities**

Federal Rules of Civil Procedure 12 ....................................................................... 1, 5, 27, 31

Federal Rules of Civil Procedure 8 ......................................................................................... 10

General Obligations Law § 5–701 ......................................................................... 14

Lanham Act Section 43............................................................................................ 23

N.Y. Gen. Bus. L. § 349 ......................................................................................... 31

Defendants, Grant Benefits Solutions, LLC d/b/a Flex Facts and Flex Facts, Inc. (collectively "GBS"), respectfully submit this memorandum of law in support of their motion (the "Motion"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), to dismiss the verified amended complaint (the "Complaint") of plaintiff, FBA of Syosset, LLC ("Plaintiff"), as against GBS, on the basis that the Complaint fails to state claim for which relief can be granted and the Court lacks both subject-matter jurisdiction.

## PRELIMNARY STATEMENT

GBS's motion to dismiss is based on the fact that the Complaint fails to state valid causes of action as a matter of law. While GBS does provide background information to give the Court a flavor of how meritless Plaintiff's substantive claims are, ultimately, the motion to dismiss is based on the total failure of the Complaint to allege actual facts substantiating their claim. Further, Plaintiff's Complaint because the Plaintiff wrongfully engages in group pleading with respect to most of its causes of actions.

With respect to defendant Schon individually, there is not a single allegation in the entire Complaint that would render Schon personally liable. In addition, as set forth below, each of Plaintiff's causes of action are dismissible on their face. First, the contract claims are dismissible (First, Second and Third Causes of Action) because plaintiff does not plead important terms of the Agreement, facts concerning the Plaintiff's performance under the contract or any damages resulting from the breach. This is especially troubling because plaintiff did not even compete with GBS at the time the alleged contract was executed.

Second, the Third Cause of Action for enforcement of an "implied" non-compete clause does not exist as a matter of law and is barred by the statute of frauds.

Third, plaintiff's claim for breach of fiduciary duty (Fourth Cause of Action) is both

1

duplicative of its contract claims and seeks to enforce a fiduciary duty that does not exist between a vendor and distributor.

Fourth, plaintiff's claims for "unfair business practices" (Fifth Cause of Action) and "conspiracy to commit torts" (Ninth Cause of Action) are alleged "upon information and belief," are non-existent claims under New York law and must be dismissed because Plaintiff fails to allege any specific facts against GBS.

Fifth, plaintiff's claims for "unfair competition" (Sixth Cause of Action) must be dismissed against GBS because (1) the Complaint does not even allege that GBS is a competitor of Plaintiff; (2) Plaintiff fails to even allege actual confusion or a likelihood of confusion between GBS's products and Plaintiff's products *and* (3) bad faith on the part of the defendants. Similarly, the complaint fails to allege "tortious interference" (Eighth Cause of Action) against GBS because plaintiff does not allege the "wrongful means" undertaken by GBS or explain what confidential information was taken or how it was misused.[1]

Sixth, Plaintiff's Lanham Act claim (Tenth Cause of Action) fails to allege any of the necessary elements of a claim and does not even allege that Plaintiff has a "valid mark" or how customers were to be confused between the two companies.

Seventh, plaintiff's claim for unjust enrichment (Eleventh Cause of Action) is based on an allegation that plaintiff somehow created the market for GBS's service. The claim must be dismissed because Plaintiff fails to state how GBS was unjustly enriched and it is duplicative of

---

[1] As described in the Complaint, the parties all work in an extremely limited business concerning benefits management for Home Healthcare agencies in New York. The Court can take judicial notice of the fact that Home Healthcare agencies are regulated and their identities are public knowledge. Thus, plaintiff's market is not confidential as a matter of law. This fact alone renders the entire amended complaint dismissible on its face.

the breach of contract claims.

Eighth, plaintiff's claim for breach of the Defend Against Trade Secrets Act is dismissible because (1) the act was enacted and effective in May 2016 (subsequent to the events alleged in the Complaint); and (2) plaintiff does not allege facts establishing it had any "trade secrets" as defined by the act or that defendants used "improper means" to steal those secrets.

Finally, Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction. As set forth below, Plaintiff failed to disclose the member of Plaintiff's limited liability company and the claims relating to a federal question are dismissible on its face.

## FACTS ALLEGED IN THE AMENDED COMPLAINT

It is difficult to extract the facts underlying Plaintiff's Complaint because the Plaintiff wrongfully engages in group pleading with respect to most of its causes of actions. Further, most "factual" allegations are pled "upon information and belief" and without actual factual allegations supporting plaintiff's "belief," Plaintiff's guesswork is insufficient to survive a motion to dismiss.[2]

Notwithstanding the foregoing, the allegations in the Complaint state that Plaintiff provides services with respect to flexible spending plans to home care workers in the healthcare industry. *See* Compl. at ¶21. The Plaintiff alleges its services include consulting with clients, maintaining records, providing foreign language customer service…and providing "the home care workers with benefit cards ("the Card"), which are used to pay for items covered under their flexible spending plan…" *See* Compl. at ¶23.

As alleged in the Complaint, from 2012 up to in or about May 2016, Flex Facts loaded

---

[2] *Bohnet v. Valley Stream Union Free School Dist. 13,* 30 F. Supp. 3d 174 (E.D.N.Y. 2014) (Hurley, J.) (for a claim to be sufficiently plausible to survive a motion to dismiss, complaint must include a factual basis to support facts plead "upon information and belief").

managed and supplied the Card to Plaintiff, and then Plaintiff provided those cards as part of its flexible spending plan services to New York State Home Health Care agencies ("New York agencies"). *See* Compl. at ¶30.

Although Plaintiff alleges that Plaintiff utilized GBS' Cards in 2012, the Complaint alleges that on "March 7, 2014 Plaintiff and Flex Facts entered into an Agreement" (the "Agreement") and that the Agreement was signed by Schon "on behalf of Flex Facts." *See* Compl. at ¶31-33. The Plaintiff alleges that GBS agreed (1) to hold Plaintiff's information confidential; (2) that Plaintiff would be the exclusive distributor of Flex Facts' benefit cards for New York agencies; and (3) not to compete with Plaintiff in providing flexible spending plans to New York State agencies. *See* Compl. at ¶35-37. The Complaint does not provide specific terms to the contract, such as the Plaintiff's obligation under the Agreement, the duration and whether the Agreement was terminated. Notably, no written agreement is attached to the <u>amended</u> Complaint.

As alleged in the Complaint, in or around 2015, Plaintiff was unsuccessful in engaging two potential clients ("ABI Health Care Agency ("ABI") and Renaissance Home Health Care ("Renaissance")) (collectively, the "Potential Clients"). *See* Compl. at ¶42. Plaintiff further alleges (upon information and belief) that "ABI and Renaissance were solicited by THCC's Philip Donegan on behalf of some or all of Defendants to provide flexible spending plan services similar to those offered by Plaintiff"[3] and "[u]pon information and belief, ABI and Renaissance received benefits cards from Flex Facts similar to those *offered by* Plaintiff." *See* Compl. at ¶59. Nothing in the Complaint connects GBS to Plaintiff's business failure.

Finally, the Plaintiff alleges the Defendants, generally without specifying which

---

[3] It is unclear if Plaintiff at any time provided its own benefit card.

defendant specifically, misappropriated Plaintiff's information resulting in the filing of the Complaint.

**ARGUMENT**

## I.  STANDARD ON A MOTION TO DISMISS

When deciding a Rule 12(b)(6) motion to dismiss for failure to state a cause of action, the Court must determine whether the plaintiff has pled sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1960 (2007).  Although the Court must accept well-pled allegations as true and draw all reasonable inferences in favor of the pleader, the pleading must offer more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

With respect to a dismissal based on lack of subject-matter jurisdiction, the plaintiff bears the burden of demonstrating that the Court has subject-matter jurisdiction. *See Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000).

## II.  THE COMPLAINT MUST BE DISMISSED AGAINST SCHON PERSONALLY

As set forth below, with respect to defendant Schon individually, there is not a single allegation in the entire complaint that would render Schon personally liable.  To add further confusion, Plaintiff attempts to confuse the issue by claiming that it did business directly with both Schon through "Flex Facts" and separately with GBS--a validly existing company.  No attempt is made to explain how the individual defendants are different from one another.  In fact, Flex Facts (the business Plaintiff admittedly worked with since 2012) is a registered d/b/a of GBS.  *See* Exhibit B of the Declaration. The continued inclusion of Schon as an individual defendant is dismissible.

Under New York Law, "[a]n agent who signs an agreement on behalf of a disclosed principal will not be held liable for its performance unless the agent clearly and explicitly intended to substitute his personal liability for that of his principal." *Mason Tenders Dist. Council Welfare Fund v. Thomsen Const. Co. Lerner,* 164 F.Supp.2d 379 (2d Cir. 2002) (New York law requires that there be "clear and explicit evidence" of the defendant's intent to add personal liability to the liability of the entity, where entity liability is established under the agreement.); *see also In re Estate of Gifford,* 144 A.D.2d 742, 535 N.Y.S.2d 154, 156 (3d Dep't 1988) ("an individual who signs a corporate contract and indicates the name of the corporation and the nature of his representative capacity on the contract is generally not subject to personal liability"); *Rick v. Richmond Sec. Servs., Inc.,* 28 Misc.3d 1238(A), 958 N.Y.S.2d 63, 63, 2010 WL 3666992 (N.Y.Civ.Ct.2010) ("[w]hen a corporate officer signs an agreement in his or her corporate capacity, the corporate officer will not be held personally liable on the contract unless he or she personally binds him or herself").

"New York courts have found individual liability only in rare cases" since there must be "overwhelming evidence of the signatory's intention to assume personal liability." *Id.* This rule is supported by the rationale that "[i]n modern times most commercial business is done between corporations,' not individual stockholders or officers of the corporation." *Salzman Sign Co. v. Beck,* 10 N.Y.2d 63, 67, 217 N.Y.S.2d 55, 176 N.E.2d 74 (1961).

Here, the Plaintiff's own allegations undermine its claim for personal liability against Schon. For example, Plaintiff alleges as follows in the Complaint:

Upon information and belief, GBS does business under at least two (2) different assumed names:
a. Flex Facts; and/or
b. Flex Facts, Inc.
***

> Upon information and belief, Schon does business under at least two (2) different assumed names:
> a. Flex Facts; and/or
> b. Flex Facts, Inc.
> \*\*\*
> The Agreement states that it is between "FBA of Syosset" and "Flex Facts, Inc…. Schon signed the agreement on behalf of "Flex Facts."

*See* Compl. At ¶¶4,9, 32-33.

Here, clearly Plaintiff believed that Schon did not sign the alleged Agreement in his personal capacity because (1) as set forth above the plaintiff admits in its pleadings that Schon signed on "behalf" of Flex Facts; and (2) Plaintiff names GBS as a defendant in the action – with the understanding that Flex Facts is a d/b/a for GBS. Accordingly, by the plaintiff's own interpretation of the alleged Agreement and the pleadings set forth in the Complaint, the Plaintiff does not have any claims against Schon personally. *See Mercator Corporation v. Windhorst*, 2016 WL 519645 (SDNY 2016) (when the plaintiff's own allegations undermine its claim that individual defendant was a party to the contract then the case should be dismissed against said individual); s*ee Salzman, supra* 10 N.Y.2d at 67, 217 N.Y.S.2d 55, 176 N.E.2d 74 (the New York Court of Appeals has observed that "where individual responsibility is demanded the nearly universal practice is that the officer signs twice—once as an officer and again as an individual."). Accordingly, the Complaint must be dismissed against Schon.

## III.    THE COMPLAINT MUST BE DISMISSED AGAINST GBS BECAUSE PLAINTIFF ENGAGES IN GROUP PLEADING

The law is clear that when multiple defendants are involved, a plaintiff cannot engage in "group pleading" and the Complaint must specify the allegations that apply to each defendant. *See, Jackson Nat'l Life Ins. Co. v. Ligator*, 949 F. Supp. 200, 208 (S.D.N.Y. 1996).

Here, the Complaint improperly groups, several defendants into one group called "Flex Facts" and improperly alleges claims against the "Flex Facts" without providing any basis for the

claims against each of the "Flex Facts" defendants. Similarly, as set forth below, the fifth, ninth and eleventh causes of actions are against "All Defendants," including THCC, a party that is entirely unrelated to GBS, again without stating what claim the Plaintiff has against each defendant. Accordingly, the complaint must be dismissed against Schon as well GBS for improperly pleading the claims.

## IV.  THE FIRST CLAIM FOR BREACH OF CONTRACT MUST BE DISMISSED

To state a claim for breach of contract under New York law, "the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." *Johnson v. Nextel Commc'ns, Inc.,* 660 F.3d 131, 142 (2d Cir.2011).

### A.  The Complaint Fails To Allege The Terms of the Contract

"Without pleading the terms of the contract or contracts that [plaintiff] relies upon, his claim fails." *Yanes v. Ocwen Loan Servicing, LLC*, No. 13-cv-2343, 2015 WL 631962, at *2 (E.D.N.Y. Feb. 12, 2015) (citing *James v. Countrywide Fin. Corp.,* 849 F. Supp. 2d 296, 322 (E.D.N.Y. 2012) (dismissing a complaint that failed to "specifically identif[y] the contract (or contracts) at issue and ... the terms of the agreement that defendant purportedly breached"); *Howell v. Am. Airlines, Inc.*, No. 05–cv–3628, 2006 WL 3681144, at *4 (E.D.N.Y. Dec. 11, 2006) (dismissing a complaint that failed to "identify the agreement at issue" or "indicate which terms in that agreement were allegedly breached").

The Complaint alleges that Plaintiff and Flex Facts began working together in 2012, yet the contract was first entered into on March 7, 2015. *See* Compl at ¶29-31.

Further, Plaintiff fails to allege basic facts supporting the existence of the contract. First, the Plaintiff fails to annex a fully executed contract. Second, the Complaint devotes Paragraph

29-41 to describe the alleged Agreement, but fails to specify the terms of the contract including, price, plaintiff's obligation and the duration of the contract. Third, although the Plaintiff is quick to quote "Flex Facts'" obligations under the Agreement, the Plaintiff does not even provide the basic payment terms, the duration of the contract, and what Plaintiff was obliged to do under the Agreement in order to establish that Plaintiff did not breach the alleged contract. Without that simple information, the claim for breach of contract does not even meet the Rule 8(a) pleading requirement and/or fails to state a cause of action.

### B.  The Plaintiff Fails To Allege That It Performed the Contract

Further, the Plaintiff fails to allege that it performed under the terms of the Agreement. *See, e.g.*, *R.H. Damon & Co., Inc. v. Softkey Software Products, Inc.,* 811 F. Supp. 986, 991 (S.D.N.Y. 1993) ("[W]hen pleading a claim for the breach of an express contract ... the complaint must contain some allegation that the plaintiffs actually performed their obligations under the contract.").

Paragraphs 29-41 of the Complaint alleges the terms of the Agreement, however, Plaintiff only lists Flex Facts "obligations" under the Agreement and not Plaintiff's. Nowhere in the Complaint does Plaintiff even make mention of its obligation under the Agreement, except Plaintiff's baseless allegation that "Plaintiff fulfilled all of its obligations under the Agreement with Flex Facts." *See* Compl. ¶78.

### C.  Plaintiff Fails to Allege A Breach

Although the Plaintiff failed to establish that an Agreement existed between the Plaintiff and GBS, the breach of contract claim is also insufficient because it does not allege how GBS breached the Agreement. The Complaint alleges:

> Flex Facts breached, and continues to breach, the Agreement by using Plaintiff's client names.

> Flex Facts breached, and continues to breach, the Agreement by failing to hold Plaintiff's information confidential.

*See* Compl. at 81-82.

However, the complaint fails to allege how the GBS breached the Agreement in this manner. In fact, the only factual allegation the Complaint alleges is related to "Potential Clients" *and not* Plaintiff's client names. The Complaint further does not allege any facts relating to the details of the breach (i.e. the date he first sold a competing item or how that unalleged fact breached the Agreement).

Without that simple information, the claim for breach of contract does not even meet the Rule 8(a) pleading requirement and/or fails to state a cause of action.

### D. The Complaint Fails To Allege How GBS' Alleged Breach Caused Damage to Plaintiff

Based on the allegations in the Complaint, Plaintiff seeks $5,000,000.00 in damages simply because another <u>undisclosed</u> entity retained potential clients. Plaintiff does not, and cannot, allege, that Schon or GBS, caused the potential clients from entering into an Agreement with Plaintiff. With respect to the damages caused, the Plaintiff alleges:

ABI entered into a contract with some or all of Defendants *instead* of Plaintiff.

\*\*\*

Upon information and belief, by in or about 2016, Renaissance entered into a contract with some or all of Defendants *instead* of Plaintiff

\*\*\*

ABI and Renaissance were solicited by THCC's Philip Donegan on behalf of some or all of Defendants to provide flexible spending plan services *similar to those offered by Plaintiff*.

*See* Compl. At ¶¶47,51, 57.

In fact, the Complaint is confusing because it reads as though Plaintiff is a competitor of GBS and/or Schon, however the Complaint does not even allege that GBS provides any of "flexible spending plan services" offered by Plaintiff. Rather, that GBS only provided the actual

Cards. Therefore, ABI did not enter into a contract with GBS *instead* of Plaintiff, because GBS does not offer the services that Plaintiff offered. In fact, later the Complaint alleged that Potential Clients were solicited by THCC <u>and not GBS.</u> *See* Compl. at §57.

To the extent plaintiff claims lost profit damages, such damages were never contemplated when plaintiff did not even compete with the GBS at the time the alleged contract was executed. *Millennium Expressions, Inc. v. Chauss Marketing, Ltd.,* 2007 WL 950070 (S.D.N.Y., March 30, 2007) ("First, a party seeking lost profits for breach of contract 'must prove that lost profit damages were within the contemplation of the parties when the contract was made.'") (citing cases).

## V.  THE SECOND CLAIM FOR BREACH OF CONTRACT – CONSTRUCTIVE TRUST MUST BE DISMISSED AGAINST GBS

"The equitable remedy of a constructive trust is appropriate when there is clear and convincing evidence of (1) a confidential or fiduciary relationship, (2) an express or implied promise, (3) a transfer in reliance on such a promise, and (4) unjust enrichment. *Atateks Foreign Trade Ltd. v. Dente,* 798 F.Supp.2d 506 (S.D.N.Y. 2011).

As set forth below (*see* section VII, *infra*), the Plaintiff failed to establish the existence of a "confidential or fiduciary relationship," as the relationship between Plaintiff and GBS was simply a business relationship. *Oursler v. Women's Interart Ctr. Inc.,* 170 A.D.2d 407, 566 N.Y.S.2d 295 (1st Dep't 1991) (stating that "[a] conventional business relationship, without more, does not become a fiduciary relationship by mere allegation"). Plaintiff also does not allege whether there was an "express" or implied promise" and how Plaintiff "relied" on a promise. Finally, as set forth below, the Plaintiff failed to allege any unjust enrichment – fatal to a claim for a constructive trust. *See Atateks Foreign Trade Ltd. V. Dente*, 798 F.Supp.2d 506 (SDNY 2011) (the element of unjust enrichment is the most important

for constructive trust claim, since the purpose of the constructive trust is prevention of unjust enrichment.). Accordingly, this claim must be dismissed.

## VI. THE THIRD CLAIM FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING MUST BE DISMISSED AGAINST GBS

"The elements of a claim for breach of the duty of good faith and fair dealing are… (1) defendant must owe plaintiff a duty to act in good faith and conduct fair dealing; (2) defendant must breach that duty; and (3) the breach of duty must proximately cause plaintiff's damages. *Boyd v. University of Illinois,* 2001 WL 246402, *10 (S.D.N.Y.2001).

The basis of Plaintiff's allegation appears to be that GBS is wrongfully competing against Plaintiff.

### A. An "Implied" Non-Compete Clause Does Not Exist As A Matter Of Law

It is well settled, however, "that the covenant can only impose an obligation consistent with other mutually agreed upon terms in the contract. It does not add to the contract a substantive provision not included by the parties." *Dorset Industries, Inc. v. Unified Grocers, Inc*., 893 F.Supp.2d 395, 406 (E.D.N.Y. 2012) (*quoting Broder v. Cablevision Sys. Corp*., 418 F.3d 187, 198-99 (2d Cir. 2005)). "[T]he implied covenant does not extend so far as to undermine a party's 'general right to act on its own interests in a way that may incidentally lessen' the other party's anticipated fruits from the contract." *Van Valkenburgh, Nooger & Neville, Inc. v. Hayden Publ'g Co.,* 30 N.Y.2d 34, 46 (1972), cert. denied, 409 U.S. 875 (1972)). The Plaintiff has the burden of proving a breach of the implied covenant of good faith and fair dealing. *Id*.

Here, Plaintiff concedes that there is no such written agreement relating to a non-compete. Plaintiff's claims are all based on a "implied terms of the Agreement" and not based on a clear writing:

An *implied* term of the Agreement is that Flex Facts would not sell its benefits cards …An *implied* term of the Agreement is that Flex Facts would not compete …

*See* Compl. At ¶¶92-93 (emphasis added). This implied term is unenforceable as a matter of law. *American Fed. Group, Ltd. v. Rothenberg,* 136 F.3d 897 (2d Cir. 1998) (holding that "implied" restrictive covenants are not enforceable).

### B. The Third Cause of Action Is Duplicative Of The First Cause of Action

Further, New York law does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when it is based on the same facts as a breach of contract claim. *Harris v. Provident Life & Accident Ins. Co.,* 310 F.3d 73, 81 (2d Cir.2002); *Alter v. Bogorician,* No. 97 Civ. 0662(MBM), 1997 WL 691332, at *7 (S.D.N.Y. Nov. 6, 1997)("[E]very court faced with a complaint brought under New York law and alleging both breach of contract and breach of the implied covenant of good faith and fair dealing has dismissed the latter claim as duplicative.").

Here, Plaintiff asserts a breach of contract claim in its first and second causes of action alleging that Plaintiff breached an alleged Agreement by competing and/or misappropriating information and is alleging the same breach in its third cause of action. Accordingly, the third cause of action must be dismissed as duplicative.

### VII. PLAINTIFF'S CLAIM RELATING TO A NON-COMPETE OR EXCLUSIVITY ARE BARRED BY THE STATUTE OF FRAUDS

General Obligations Law § 5–701(a)(1) provides that "[e]very agreement * * * is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith * * * if such agreement * * * is not to be performed within one year."

In this case, Plaintiff's allegation of an alleged implied not to compete Agreement is insufficient to satisfy the statute of frauds." *See American Fed. Group, Ltd. Supra (*an implied

non-compete is unenforceable). Further, the Complaint fails to state the duration of this implied agreement and whether it was to be performed in one year or greater. *See, D & N Boening v. Kirsch Beverages,* 63 N.Y.2d 449, 483 N.Y.S.2d 164, 472 N.E.2d 992). Accordingly, the First through Third (breach of contract and implied duty of good faith) causes of actions must be dismissed as a matter of law.

## VIII. THE FOURTH CLAIM FOR BREACH OF FIDICUARY DUTY MUST BE DISMISSED AGAINST GBS

The breach of fiduciary cause of action must be dismissed because it fails to allege the first, and crucial, element − the "existence of a fiduciary relationship." *See Lia v. Saporito*, 909 F. Supp.2d 149, 170 (E.D.N.Y 2012).   In New York, no fiduciary relationship exists where parties were acting and contracting at arms-length to a business transaction. *Petrello v. White*, 412 F.Supp.2d 215 (E.D.N.Y 2006) (J. Hurley) (quoting *In re Ames Dep't Stores, Inc.,* 274 B.R. 600, 626 (Bkrtcy.S.D.N.Y.2002).

### A.      There Is No Fiduciary Relationship Between Plaintiff and GBS

Here, Plaintiff admits that the relationship between GBS and Plaintiff was that of a Vendor and Distributor which is not a fiduciary relationship. *Oursler v. Women's Interart Ctr. Inc.,* 170 A.D.2d 407, 566 N.Y.S.2d 295 (1st Dep't 1991) (stating that "[a] conventional business relationship, without more, does not become a fiduciary relationship by mere allegation"); *Henneberry v. Sumitomo Corp. of America,* 415 F.Supp.2d 423, 459 (S.D.N.Y. 2006); *Scott v. Dime Sav. Bank of N.Y., FSB,* 886 F.Supp. 1073, 1078 (S.D.N.Y.1995) ("New York courts typically focus on whether one person has reposed trust or confidence in another who thereby gains a resulting superiority or influence over the first.").

In order to establish that GBS owed Plaintiff a fiduciary duty, Plaintiff needs to "allege that it relied on the Defendant's express and implied obligations under the Agreements"  and that

it must also allege that it relied one the others "superior expertise or knowledge". *Dorset Industries, Inc. v. Unified Grocers, Inc*., 893 F.Supp.2d 395, 415–16 (E.D.N.Y. 2012). The Complaint fails to allege either one of these elements, but rather just alleges that "there was misconduct by Flex Facts." *See* Compl. At ¶109-110.

Further, Plaintiff does not allege how GBS "improperly used Plaintiff's technology, know-how and price books or lists, and client names in an attempt to further Flex Facts' economic benefit with respect to clients in the healthcare industry." In fact, as set forth in Plaintiff's own pleadings, GBS is not in the business of "providing flexible spending plans," but rather solely distributes the Card. *See* Compl. At ¶7. Therefore, there is no competitor relationship between the GBS and the Plaintiff and the relationship was solely vendor and distributor.

Accordingly, Plaintiff's claims relating to fiduciary duty between Schon, GBS and Flex Facts must be dismissed.

## B. The Fiduciary Duty Claim Is Duplicative Of The Breach Of Contract Claim

A cause of action alleging breach of fiduciary duty, which, as here, is merely duplicative of a breach of contract claim, cannot stand. *Hylan Elec. Contr., Inc. v. MasTec N. Am., Inc*., 74 A.D.3d 1148, 1150 (2d Dep't 2010). Thus, even if the GBS was in a position of trust with respect to the Plaintiff, there is no breach of fiduciary duty claim when the complaint alleges a breach of a contractual, rather than fiduciary, duty. *See also LaSalle Hotel Lessee, Inc. v. Marriott Hotel Services, Inc*., 29 A.D.3d 464 (1st Dep't 2006) (holding that "[t]he cause of action for breach of fiduciary duty . . . was . . . properly dismissed" because it was "based on the same allegations as for breach of contract").

In the present case, Plaintiff alleges that the Agreement implied that GBS would not "sell its benefit cards to other company" and that they would "not compete." These allegations are identical to Plaintiff's first cause of action for breach of contract. Accordingly, it *must* be dismissed. *Barbagallo v. Marcum LLP*, 2012 WL 1664238 (E.D.N.Y 2012) (dismissing the breach of fiduciary duty claim as duplicative of the breach of contract claim).

Accordingly, the breach of fiduciary claim must be dismissed against GBS.

## IX.  THE FIFTH CLAIM FOR UNFAIR BUSINESS PRACTICES MUST BE DISMISSED AGAINST GBS

To state a claim for unfair business practice Plaintiffs must plead the loss of business through unlawful acts, such as misappropriation.[4]  *Louis Capital Markets, L.P. v. REFCO Group Ltd., LLC*, 9 Mis.3d 283, 801 N.Y.S.2d 490 (Sup. Ct. New York Co. 2005) (Plaintiff must allege an "injury to a person's business by procuring others not to deal with him, or by getting away his customers, if unlawful means are employed, such as fraud or intimidation, or if done without justifiable cause, is an actionable wrong, if unlawful means are employed, such as fraud or intimidation, or if done without justifiable cause, is an actionable wrong."); s*ee also Aero Media LLC v. World Healing Center Church, Inc*., 2013 WL 2896856 (S.D.N.Y 2013) (the plaintiff does not sufficiently allege a claim for unfair business practices, because it does not show that the defendant "got away" its customers, nor that the letters were sent without justifiable cause; *see also Duane Jones Co. v. Burke,* 306 N.Y. 172, 190 (1953) ("An injury to his business by procuring others not to deal with him, or by getting away his customers, if unlawful means

---

[4] Under New York law, "unfair business practices" is merely another name for "unfair competition." *Louis Capital Markets, L.P. v. REFCO Group, Ltd.,* 9 Misc.3d 283, 288, 801 N.Y.S .2d 490, 493 (Sup.Ct.N.Y.Cty.2005). As set forth below, the Plaintiff's claim for unfair competition and unfair business practices must be dismissed).

are employed, such as fraud or intimidation, or if done without justifiable cause, is an actionable

wrong.").

Here, the Plaintiff alleges (primary only "upon information and belief") [5] that:

Upon information and belief, Defendants engaged in unfair business practices
against Plaintiff by using Plaintiff's information to solicit Plaintiff's potential
clients in the healthcare industry by various means

Defendants engaged in unfair business practices against Plaintiff by using
Plaintiff's foreign language customer service representatives as Defendants' own
foreign language service representatives, when Plaintiff did not agree to, and was
not paid for, providing those services.

Upon information and belief, Defendants engaged in unfair business practices
against Plaintiff by including ineligible categories in Defendants'' flexible
spending plan and then misrepresenting to ABI that those categories could be
deducted on a pre-tax basis, when actually they cannot

Upon information and belief, Defendants engaged in unfair business practices
against Plaintiff by procuring Plaintiff's potential clients, ABI and Renaissance,
so that ABI and Renaissance would not deal with Plaintiff.

*See* Compl at ¶¶117-120.

Plaintiff does not allege how Defendant Schon, GBS and Flex Facts and the remaining

defendants each used unlawful means to take away potential clients from Plaintiff. Rather,

Plaintiff generally states, upon information and belief" that the "Defendants engaged in unfair

business practices" which is insufficient as a matter of law.[6]

---

[5] *See Bohnet v. Valley Stream Union Free School Dist. 13,* 30 F. Supp. 3d 174 (E.D.N.Y. 2014)
(Hurley, J.) (for a claim to be sufficiently plausible to survive a motion to dismiss, complaint
must include a factual basis to support facts plead "upon information and belief").

[6] The plaintiff cannot engage in "group pleading." Rather, the Complaint must specify the
allegations that apply to each defendant. *See, Jackson Nat'l Life Ins. Co. v. Ligator*, 949 F. Supp.
200, 208 (S.D.N.Y. 1996).

As set forth above, Plaintiff and GBS were in a vendee/vendor relationship and GBS do not perform the same services as Plaintiff. Accordingly, none of the allegations in the Complaint can possible be directed to GBS and must be dismissed.

Furthermore, Plaintiffs' cause of action for unfair business practices is duplicative of Plaintiffs' claim for tortious interference with business relations and, therefore, must be dismissed. *See Brand X Editions LTD. V. Wool,* 42 Misc.3d 1207(A)984 N.Y.S.2d 630 (Sup. Ct. New York Co. 2014) (dismissing plaintiff's claim for unfair business practices as duplicative when plaintiff had a claim for tortious interference).

## X.  THE SIXTH CLAIM FOR UNFAIR COMPETITION MUST BE DISMISSED AGAINST GBS

"To prevail on a New York unfair competition claim, a plaintiff must show either actual confusion or a likelihood of confusion, *and* there must be some showing of bad faith on the part of the defendants." *Sly Magazine, LLC v. Weider Publications L.L.C.,* 346 F. App'x 721, 723 (2d Cir.2009) (internal quotation marks and citation omitted). "It is well-settled, however, that no claim [for unfair competition] lies where its underlying allegations are merely a restatement, albeit in slightly different language, of the 'implied' contractual obligations asserted in the cause of action for breach of contract." *Orange County Choppers, Inc. v. Olaes Enterprises, Inc.,* 497 F.Supp.2d 541, 558 (S.D.N.Y.2007) (internal quotation marks and citation omitted). Indeed, the New York Court of Appeals has made it clear that "a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated." *Clark–Fitzpatrick, Inc. v. Long Island R. Co.,* 70 N.Y.2d 382, 389 (1987). This concept is equally applicable where, as here, the unfair competition claim is also premised on the same factual allegations underlying a claim for breach of the duty of good faith and fair dealing. *See Orange County Choppers, Inc., supra.*

18

From outset, it is relevant to stress that Plaintiff admits that GBS was a vendor to Plaintiff and not a competitor. *See* Compl. at ¶7. Further, Plaintiff's Complaint again misconstrues the relationship by making it appear that GBS *competed* with Plaintiff:

> There was misconduct by *Flex Facts when they competed with Plaintiff in providing flexible spending plans* to New York State Home Health Care agencies, and Wage Parity and Living programs throughout the State of New York.
>
> ***
>
> There was misconduct by Flex Facts when they improperly used Plaintiff's technology, know-how and price books or lists, and client names in an attempt to further Flex Facts' economic benefit with respect to clients in the healthcare industry.
>
> *See* Compl. At ¶109-110.

Therefore, the complaint inaccurately alleges that GBS competed with plaintiff's card business. Complaint, ¶¶ 66, 67.[7] Notably absent is any timeline or factual explanation of when/if plaintiff entered into GBS's business or how plaintiff's choice to compete with its own vendor would somehow render GBS's pre-existing business automatically unlawful. In any event, as set forth below, Plaintiff's allegations are inadequate.

### A. The Complaint Fails To Allege "Actual Confusion or a Likelihood of Confusion"

Absent from Plaintiff's claim for unfair competition is any allegation that GBS' "product" may cause actual confusion or a likelihood of confusion with Plaintiff's Product. *See* the Compl. At ¶¶127-135. Accordingly, on the fact of the complaint the Plaintiff failed to adequately plead a claim for unfair competition. *See Sly Magazine, LLC, supra.*

---

[7] Incredibly, in ¶ 67, plaintiff alleges that its benefits card (which it admittedly created after GBS) was similar to GBS. There is no explanation how plaintiff's decision to offer a card which looks like a card <u>already in existence</u> is somehow unlawful. Of course Plaintiff does not bother to factually describe the similarities.

To the extent that Plaintiff may vaguely argue that by "Flex Facts providing of benefits cards physically similar in size, shape and color to the benefits cards offered by Plaintiff causes ABI's and Renaissance's home care workers to be confused and think that they have received Plaintiff's services, when ABI and Renaissance are actually doing business with Defendants" is insufficient because the product in question is simply a credit/debit card. There is absolutely nothing unique to the physical appearance of such a card and in fact there are hundreds of similar looking cards used by individuals in New York.

### B. The Unfair Competition Claim is Duplicative of The Breach of Contract Claim

Plaintiff's basis for a claim of common law unfair competition is that GBS misappropriated confidential information for the purpose of marketing and selling its own products. However, like Plaintiff's claim for breach of the duty of good faith and fair dealing. Plaintiffs' unfair competition claim is merely duplicative of their breach of contract claims. *Washington v. Kellwood Co.,* No. 05–CV–10034, 2009 WL 855652, at *6 (S.D.N.Y. Mar. 24, 2009) (dismissing the unfair competition claim as duplicative of the breach of contract claim).

### XI.   THE EIGHTH CLAIM FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS MUST BE DISMISSED AGAINST GBS

To establish a claim for tortious interference with prospective economic advantage, plaintiff must prove: (1) there was a business relationship with a third party; (2) defendants knew of that relationship and intentionally interfered with it; (3) defendants either acted "solely out of malice" or used "wrongful means;" and, (4) defendants' interference caused injury to the relationship with the third-party. *See Carvel Corp. v. Noonan,* 350 F.3d 6, 17 (2d Cir.2003). The "general rule" established by the Court of Appeals, is that a defendant's wrongful means must amount to a crime or an independent tort. *Carvel Corp. v. Noonan,* 785 N.Y.S.2d 359, 818 N.E.2d 1100

(2009). Relying on *Carvel,* courts have dismissed claims for tortious interference when the plaintiff fails to allege any conduct attributable to the defendants that was either tortious or criminal. *See Treppel v. Biovail Corp.,* No. 03 Civ. 3002, 2005 U.S. Dist. LEXIS 2737 at *20-27 (S.D.N.Y. Feb. 22, 2005).

Here, Plaintiff alleges that "Defendants tortiously interfered with those prospective contractual relations … soliciting and obtaining business from [ABI and Renaissance]." *See* Compl at. ¶148. Plaintiff also alleges in the Complaint that "ABI and Renaissance were solicited by Defendant, The HampTHCC's Philip Donegan on behalf of some or all of Defendants to provide flexible spending plan services similar to those offered by Plaintiff." *See* Compl at. ¶57.

In other words, not only does the Plaintiff admit that the GBS had nothing to do with soliciting Plaintiff's potential clients and there is no allegation that GBS acted "solely out of malice" or used "wrongful means." Accordingly, this claim must be dismissed. *See Treppel v. Biovail Corp., supra.*

## XII.  THE NINTH CLAIM FOR CONSPIRACY MUST BE DISMISSED AGAINST GBS

It is well-settled law that New York does not recognize conspiracy as an independent tort. *Small v. Lorillard Tobacco Co.,* 94 N.Y.2d 43, 57 (1999); *Loeb Partners Realty v. Edward A. Sears Associates, P.C.,* 733 N.Y.S.2d 390, 391 (1st Dep't 2001). To establish a claim of civil conspiracy, plaintiff must demonstrate the underlying tort, plus the following four elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and, (4) resulting damage or injury. *World Wrestling Fed'n. Entm't., Inc. v. Bozell,* 142 F.Supp.2d 514, 532-33 (S.D.N.Y.2001). While plaintiff need not allege and prove that each defendant committed every element of the underlying tort, *see Snyder v. Puente De Brooklyn Realty Corp.,* 297 A.D.2d 432,

435, 746 N.Y.S.2d 517 (2d Dep't 2002), as noted above, the Plaintiff is required to demonstrate

four elements in addition to the underlying tort, including that there was an agreement between

the conspirators and they committed an overt act in furtherance of the agreement. *Schwartz v.*

*Soc'y of the New York Hosp.,* 199 A.D.2d 129, 129-30, 605 N.Y.S.2d 72 (3d Dep't. 1993)

(dismissing conspiracy to defame claims against non-actors because plaintiff failed to allege

"independent culpable behavior" on their part to link them to the defamatory statements).

Here, the Plaintiff again engages in group pleading without identifying what, if any, acts

each named defendant is responsible for. For example,

> *Defendants* used Plaintiff's information to solicit Plaintiff's potential customers in
> the healthcare industry by various means… *Defendants* used Plaintiff's foreign
> language customer service foreign languages services representatives… Upon
> information and belief, *Defendants* included ineligible categories in their flexible
> spending plan… Upon information and belief*, Defendants* procured Plaintiff's
> potential customers, ABI and Renaissance, by telling them not to deal with
> Plaintiff.

Plaintiff's failure to alleged each claim with specificity against the pertinent defendant

warrants dismissal of the claim. *see also Donini Int'l, S .p.A. v. Satec (U.S.A.) LLC,* No. 03 Civ.

9471, 2004 U.S. Dist. LEXIS 13148, at *9 (S.D.N.Y. July 12, 2004) ("Conclusory claims of

conspiracy that are not pleaded with sufficient factual grounding should be dismissed.").

(citations omitted).

## XIII. THE TENTH CLAIM UNDER THE LANHAM ACT MUST BE DISMISSED AGAINST GBS

Section 43(a) of the Lanham Act is designed to "eliminate the confusion that is created in

the marketplace by the sale of products [or services] bearing highly similar marks." *Malletier v.*

*Burlington Coat Factory Warehouse Corp.,* 426 F.3d 532, 539 (2d Cir.2005). To establish

liability under Section 43(a) of the Lanham Act, "a plaintiff must show (1) that it has a valid

mark that is entitled to protection under the Act, and (2) that use of the defendant's mark

infringes, or is likely to infringe, the mark of the plaintiff," meaning that use of the mark "creates a likelihood of confusion." *Estee Lauder Inc. v. The Gap, Inc.,* 108 F.3d 1503, 1508–09 (2d Cir.1997).

A false advertising claim under § 43(a) must also allege that: (1) "the statement in the challenged advertisement is false ... or ... likely to deceive or confuse consumers"; (2) the defendant "misrepresented an inherent quality or characteristic of the product"; (3) the defendant "placed the false or misleading statement in interstate commerce"; ***and*** (4) "the plaintiff has been ... injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products." *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 255 (2d Cir. 2014).

### A. Plaintiff Fails To Allege It Has A "Valid Mark"

For the first element, a mark is "valid" and entitled to protection when it is "distinctive" and links a product to its particular source. *Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 768, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992). In addition, trademark protection is reserved to foreign companies "whose actual trade goes, attended by the use of its mark," into commerce "in the United States or in commerce which may lawfully be regulated by Congress." *Buti v. Perosa, S.R.L.,* 139 F.3d 98, 105 (2d Cir.1998) (internal quotation marks omitted); *see ITC Ltd. v. Punchgini, Inc.,* 482 F.3d 135, 155 (2d Cir.2007) ("The territoriality principle requires the use to be in the United States for the owner to assert priority rights to the mark under the Lanham Act.").

Here, the Plaintiff fails to allege it has a valid mark. In fact, the Complaint is unclear if Plaintiff is referring to the services it performs or the Cards it received from Flex Facts – neither of which constitute a "valid mark" under the statute. Specifically, Plaintiff alleges that by "Flex

Facts' providing benefits cards physically similar in size, shape and color to the benefits cards

offered by Plaintiff causes ABI's and Renaissance's home care workers to be confused and think

that they have received Plaintiff's services, when ABI and Renaissance are actually doing

business with Defendants." *See* Comp. at ¶169[8]. Nowhere in Plaintiff's complaint does it allege

that it is the owner of a "valid mark." Rather, the Plaintiff alleges, generally, that is performs

services and that Flex Facts provides "benefit cards". *Gameologist Group, LLC v. Scientific*

*Games Intern., Inc.*, 838 F. Supp.2d 141 (S.D.N.Y. 2011).

### B. Plaintiff Fails To Allege That Defendants' Of The Alleged product or Services Cause Confusion

Second, the Plaintiff fails to allege how "defendants' use of "Flex Facts Benefit cards" is

likely to cause confusion." It appears that Plaintiff is stating that if Flex Fact Defendants

provided its card and conducted business with anyone, other than Plaintiff, it would violate the

Lanham Act.  There can be no confusion between GBS' business and Plaintiff because they are

not competing in the same industry.

### C. The Plaintiff Fails To Allege Injury

Third, Plaintiff failed to allege how GBS' action injured Plaintiff's commercial interest.

*See Lexmark Intern., Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1395 (2014)

(holding that, in order to bring a section 1125(a) false advertising claim, "a plaintiff must plead

---

[8] To the extent that the Plaintiff is referring to the services Plaintiff performs, as addressed above and admitted in the Complaint, GBS is not in the same business as Plaintiff as GBS *only* manage the cards. *See Ahmed v. GEO USA LLC*, No. 14-CV-7486, 2015 WL 1408895, at *3 (S.D.N.Y. Mar. 27, 2015) (holding that the plaintiff failed to establish likelihood of consumer confusion because he failed "to prove that the parties offer the same goods or services" and instead stated his business in conclusory fashion, without factual detail); *See also Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 114 (2d Cir. 2009) (noting that infringement claims pursuant to either section 1114(1) or section 1125(a) require a plaintiff to establish a likelihood of consumer confusion);

(and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations"); *Avalos v. IAC/Interactivecorp.*, No. 13-CV-8351, 2014 WL 5493242, at *5 (S.D.N.Y. Oct. 30, 2014) (dismissing section 1125(a) false advertising claim because allegations of harm were speculative where the plaintiff did not sufficiently allege that the defendant's actions resulted in consumers withholding trade from the plaintiff by, for example, using its services less often).

Although defendants allege a boiler plate language that "Defendants have injured Plaintiff's commercial interests in its reputation and/or sales." *See* Compl. At 179, the Plaintiff's fail to allege how they were harmed by GBS.

## XIV. THE ELEVENTH CLAIM FOR UNJUST ENRICHMENT MUST BE DISMISSED AGAINST GBS

To state a claim for unjust enrichment under New York law, a plaintiff must plead that (1) the defendant was enriched; (2) the enrichment was at the plaintiff's expense; and (3) the circumstances were such that equity and good conscience require the defendant to make restitution. *Hughes v. Ester C Co.,* 930 F.Supp.2d 439, 471 (E.D.N.Y.2013). The New York Court of Appeals has held that an unjust enrichment claim is available "*only* in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *Corsello v. Verizon NU, Inc.,* 18 N.Y.3d,777, 790, 944 N.Y.S.2d 732, 967 N.E.2d 1177 (2012) (emphasis added). It is not a "catchall cause of action to be used when others fail," and is typically limited to instances where "the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled." *Id.* An unjust enrichment claim that merely "duplicates, or replaces, a conventional contract or tort claim" is insufficient. *Id.* at 790–91, 944 N.Y.S.2d 732, 967 N.E.2d 1177. Moreover, a claim for unjust enrichment is "not available where

it simply duplicates, or replaces, a conventional contract ... claim." *Goldemberg v. Johnson &
Johnson Consumer Cos., Inc.,* 8 F.Supp.3d 467, 483 (S.D.N.Y.2014) (quoting *Corsello,* 18
N.Y.3d at 790, 944 N.Y.S.2d 732, 967 N.E.2d 1177) (characterizing plaintiff's claim for unjust
enrichment as duplicative because it would succeed or fail exactly the same as plaintiff's other,
related claims of actionable wrongs).

### A.  Plaintiff Fails To Allege The Elements For An Unjust Enrichment Claim

Plaintiff does not explain how GBS was enriched, how the alleged enrichment came at
Plaintiffs' expense, or why this alleged enrichment was inequitable. Instead they merely recite in
the most general terms that "[a]s a result of Plaintiff's efforts, Defendants have gained
substantial benefit and have been, and continue to be, unjustly enriched." (Compl. ¶ 189.)
Because Plaintiffs have not alleged what GBS unjustly gained, or how that gain was at Plaintiff's
own expense, Plaintiffs have not adequately pleaded their claim for unjust enrichment. *See e.g.,
In re Vivendi Universal, S.A.* 2004 WL 876050, at *12 (S.D.N.Y. Apr.22, 2004) ("Ordinarily,
conclusory allegations are not sufficient to make out a claim of unjust enrichment"); *Ainbinder v.
Potter,* 282 F.Supp.2d 180, 190 (S.D.N.Y.2003) (dismissing unjust enrichment claim because
"[e]ven reading the pleadings liberally, the plaintiffs have not coherently alleged *how* the
defendants were unjustly enriched at the plaintiffs' expense").

### B.  The Unjust Enrichment Claim Is Duplicative Of Other Claims

Finally, Plaintiff's claim for unjust enrichment just realleges the allegations in its breach
of contract, unfair competition and breach of fiduciary duty claims and therefore must be
dismissed as duplicative. *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.,* 8 F.Supp.3d
467, 483–84 (S.D.N.Y.2014) (dismissing an unjust enrichment claim wherein the plaintiff

alleged that the defendant misled consumers about its skin-care products, because the unjust enrichment claim "simply restate[d] elements of other claims").

## XV.     THE TWELFTH CLAIM FOR AN INJUNCTION MUST BE DISMISSED

Under New York law, a permanent injunction are requests for relief, not separate causes of action, and New York courts routinely dismiss them when they are pled as separate causes of action. *See KM Enters., Inc. v. McDonald*, No. 11-CV-5098 (ADS) (ETB), 2012 WL 4472010, at *19-20 (E.D.N.Y. Sept. 25, 2012) (noting that "[s]similarly [to declaratory relief], a request for injunctive relief is not a separate cause of action" (quotation marks omitted) and granting Fed. R. Civ. P. 12(b)(6) dismissal of the declaratory judgment and injunction causes of action) aff'd, 518 F. App'x 12 (2d Cir. 2013) cert. denied, 134 S. Ct. 303 (2013).

As set forth above, the Plaintiff's remaining causes of actions are dismissal be on its face and therefore Plaintiff's claim for an injunction must also be dismissed. *Id.*

## XVI.    THE THIRTEENTH CLAIMS FOR VIOLATION OF THE DEFEND TRADE SECRETS MUST BE DISMISSED AGAINST GBS

By amendment dated <u>May 11, 2016</u>, Congress conferred the Court with subject-matter jurisdiction over civil actions pertaining to theft of trade secrets used in, or intended for use in, interstate or foreign commerce, through the Defend Trade Secrets Act of 2016. *See* Pub. L. 114-153, 130 Stat. 376 (May 11, 2016) (amending, *inter alia*, 18 U.S.C. § 1836); *see* 18 U.S.C. § 1836(c). From the outset, it's important to note that the Congresses' enactment of "Defend Trade Secrets Act on 2016" applies with respect to any misappropriation of a trade secret (as defined in section 1839 of title 18, United States Code, as amended by this section) for which any act occurs **on or after the date of the enactment of this Act.** *See* 18 U.S.C. § 1836 [emphasis added]. As the Plaintiff's allegations are for acts prior to May 11, 2016, the Defend Trade Secrets Act is inapplicable by its own terms and the claim must be dismissed. *Gold v. N.Y. Life Ins. Co.,* 730

F.3d 137, 143 (2d Cir.2013) ("Generally, 'retroactive operation of statutes is not favored by [New York] courts' and it 'takes a clear expression of the legislative purpose to justify a retroactive application.").

**A. The Plaintiff Does Not Allege Ownership of A Trade Secret**

Notwithstanding the forgoing, 18 U.S.C. § 1836 provides that an owner of a trade secret that is misappropriated may bring a civil action under this subsection if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce. *Id.*

Under New York law, to succeed on a claim for the theft of a trade secret, a party must show "(1) that it possessed a trade secret, and (2) that the defendants used that trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means." *Sorias v. Nat'l Cellular USA, Inc*., 124 F. Supp. 3d 244, 258-59 (E.D.N.Y. 2015) (internal quotation marks and citation omitted).

"To state a claim for misappropriation of trade secrets, a plaintiff must plead facts with sufficient particularity to provide defendants fair notice of what the claim is and the grounds upon which it rests. This requires, at minimum, that the plaintiff generally identify the trade secrets at issue." *Sorias v. Nat'l Cellular USA, Inc., supra* (internal citation omitted). Conclusory assertions that something constitutes a trade secret . . . are insufficient." *Id.*

A "trade secret is any formula, pattern, device or compilation of information used in one's business, which gives one an opportunity to obtain an advantage over competitors who do not know or use it." *Ashland Mgmt. Inc. v. Janien*, 82 N.Y.2d 395, 407 (1993). A trade secret must also be maintained in secrecy, have independent economic value, and be in "continuous use" in plaintiff's business. *Bear, Stearns Funding, Inc., v. Interface Group-Nevada, Inc.,* 361 F.

Supp. 2d 283, 305 (S.D.N.Y. 2005) (*quoting Sofitel, Inc. v. Dragon Med. and Sci. Commc'ns, Inc.,* 118 F.3d 955, 968 (2d Cir. 1997)).

In this case, the Plaintiffs only list the trade secrets in the most general terms, as "its methods of doing business, business models, technology, know-how, price books or lists, and client names." (See, Complaint ¶ 27), and conclusory assert that these are trade secrets (See, Complaint ¶ 26). There is no allegation as to what these trade secrets are, or that they existed, or that these alleged trade secrets give Plaintiffs any advantage in business, or that they had independent economic value, or were in "continuous use" in Plaintiff's business.

Since the Complaint lacks specificity as to the nature of the alleged trade secrets, or even as to how the items were allegedly stolen in the first place, the Second Cause of Action must be dismissed.

Finally, the Plaintiff does not or provide products or services "intended for use in, interstate or foreign commerce" as required 18 U.S.C. § 1836. As the Complaint is specifically related to the "benefits cards…for.. services to New York State Home Health Care agencies, and Wage Parity and Living Wage programs ***throughout the State of New York***. *See* Compl. at ¶¶30. 37-38, 39, 54-55.

## XVII.  ALL CLAIMS FOR PUNITIVE DAMAGES MUST BE DISMISSED

 If any of the causes of action were to survive this motion to dismiss, or be reasserted in an amended pleading, then any and all claims for punitive damages must nonetheless be dismissed, with prejudice. To obtain punitive damages in ordinary tort actions, a plaintiff must show that the defendant committed a tort under "circumstances of aggravation or outrage, such as spite or 'malice,' or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called

willful or wanton." *Barbagallo v. Marcum LLP*, 820 F. Supp. 2d 429, 448-49 (E.D.N.Y. 2011). This conduct must be "part of a pattern of behavior aimed at the public generally." *Leviton Mfg. Co., Inc. v. Reeve*, 942 F.Supp.2d 244, 270 (E.D.N.Y.2013).

None of the claims alleged are directed to the public in general, nor are they based on outrageous conduct and therefore must be dismissed. *See Barbagallo v. Marcum LLP*, 820 F.Supp.2d 429 (E.D.N.Y 2011).

## XVIII. THIS COURT LACK SUBJECT MATTER JURISDICTION

Here, Plaintiff does not present facts to suggest either diversity or federal question jurisdiction.

A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete; in other words, only if there is no plaintiff and no defendant who are citizens of the same state. 28 U.S.C.A. § 1332(a). For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members. *See Handelsman v. Bedford Village Associates Ltd. Partnership,* 213 F.3d 48, 51–52 (2d Cir.2000), *citing Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir.1998); *Strother v. Harte,* 171 F.Supp.2d 203, 205 (S.D.N.Y.2001). Thus, to invoke this Court's diversity jurisdiction, plaintiff's complaint must allege the citizenship of each member of the limited liability company defendant.

Here, the Plaintiff, FBA of Syosset, LLC, fails to disclose the identity of the members of Plaintiff warranting dismissal of the action. *Krause v. Forex Exch. Mkt., Inc.,* 356 F.Supp.2d 332, 336 (S.D.N.Y. 2005) (failure to disclose the member of an LLC do so may result in the dismissal of the complaint.)

Further, as set forth above, the federal questions claims relating to Lanham Act under 15 U.S.C. § 1125, and the Defend Trade Secrets Act of 2016, 18 U.S.C. §§ 1836, 1839 ("DTSA") are dismissible because they are all in essence state law claims for "unfair business practices." *See Williams v. Kristal Cadillac,* 2009 WL 3861205  (E.D.N.Y. 2009) (dismissing the case of lack of subject matter jurisdiction).*See also,* N.Y. Gen. Bus. L. § 349;

## XIX.  THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

Based on the foregoing, it is apparent that Plaintiff's causes of action are substantively deficient and incurable.  The Complaint should therefore be dismissed in its entirety, with prejudice.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *Desyatnikov v. Credit Suisse Grp., Inc.*, No. 10-CV-1870 (DLI)(VVP), 2012 WL 1019990, at *2 (E.D.N.Y. Mar. 26, 2012) (granting Credit Suisse's 12(b)(6) motion to dismiss the Complaint with prejudice because "[t]he allegations against Credit Suisse are insufficient as a matter of law"); *Commc'ns Partners Worldwide, Inc. v. Main St. Res., No*. 04 Civ. 10003 (PKL), 2005 WL 1765712, at *7 (S.D.N.Y. July 26, 2005) (granting defendants' Rule 12(b)(2) motion to dismiss plaintiff's complaint with prejudice because "the Court finds that it would be futile to allow CPW [plaintiff] to replead").

**CONCLUSION**

For the foregoing reasons, Defendants GBS, Schon and Flex Facts, respectfully request that the Court issue a judgment dismissing the Complaint, with prejudice, together with fees, costs and disbursements, and for such other and further relief as the Court deems just and proper.

Dated: Cedarhurst, New York
      August 2, 2016

                                     Respectfully Submitted,

                                   /S/ Aviva Francis
                                       Evan M. Newman
                                       Aviva Francis
                                   Newman Law, P.C.
                                   377 Pearsall Avenue, Suite C
                                   Cedarhurst, New York 11516
                                   Tel: (516) 545-0343
                                   Fax: (212) 671-1883